## Huston *et al.* Appellants, *v.* Hayter, Administrator.

On bill of exceptions taken to a judgment of the circuit court, on motion to quash a forthcoming bond and execution thereon, the bond and execution will not be considered a part of the record, although they appear in the transcript, unless they are recited in the bill of exceptions.

The grounds of a motion to quash a forthcoming bond, should be set out in the motion.

APPEAL from the circuit court of the county of Lafayette.

Thompson, for appellants.

Clayton, contra.

TURNER, Justice.

The appellant relies for the reversal of the judgment of the court below on grounds which do not so appear on the record as to enable this court to notice them.

The appeal is from the judgment of the court below, overruling a motion to quash a forthcoming bond and execution. There is a bill of exceptions on the transcript, but it does not set forth the forthcoming bond or execution; and according to the repeated decisions of this court, we cannot consider of them, although there does appear on the face of the transcript a copy of a bond and of an execution.

The counsel who took the exceptions to the opinion of the court, appears to have had his attention fixed upon the point, that the court could, at a term subsequent to that to which the execution and bond was returnable, entertain a motion to quash them, especially where the return term had not been holden. However erroneous that opinion of the circuit judge might have been, (and

Huston *et al.*, Appellants, *v.* Hayter, Administrator.

of that we give no opinion,) the party should present a case to which such opinion could properly apply.

The only parts of the record which we can notice, under the repeated decisions of this court, consist of the names of the parties, the "motion to quash forthcoming bond and execution," the decision of the court, "that the *said* motion be overruled," and the bill of exceptions; so that it is out of our power to consider of the merits of the case.

In the entry of the motion to quash, no *reasons* are assigned. It is surely but reasonable to require, that a party who seeks to set aside a judgment of this kind, and the bond and execution, should spread his reasons upon the minutes of the court. It should be considered in the nature of an assignment of errors, of a motion in arrest of judgment, or a motion for a new trial, instances in which the reasons and grounds of complaint are specifically and distinctly set forth.

Judgment affirmed.